Shabudin Shabudin MANSARIYA
Petitioner,

v.

Frances M. HOLMES, District Director,
Buffalo District, Immigration and
Naturalization Service, James Ziglar,
Commissioner, Immigration and Nat-
uralization Service, Alberto R. Gon-
zales,[1] United States Attorney Gener-
al, Respondents.

No. 05–3236–AG.

United States Court of Appeals,
Second Circuit.

March 8, 2006.

Matthew L. Kolken, Sacks, Kolken &
Schultz, Buffalo, New York, for Petitioner.

Kathleen M. Mehltretter, Acting United
States Attorney, Monica J. Richards, As-
sistant United States Attorney, Buffalo,
New York, for Respondent.

PRESENT: Hon. CHESTER J.
STRAUB, Hon. SONIA SOTOMAYOR,
and Hon. ROBERT A. KATZMANN,
Circuit Judges.

SUMMARY ORDER

Shabudin Shabudin Mansariya petitions
for review of the 2002 BIA order affirming

1.  Pursuant to Federal Rule of Appellate Pro-
cedure 43(c)(2), Attorney General Alberto R.
Gonzales is automatically substituted for for-
mer Attorney General John Ashcroft as the
respondent in this case.

an immigration judge's ("IJ") denial of his claim for asylum and withholding of deportation. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under 8 U.S.C. § 1252(d)(1), a court can only review a final order of removal if the alien has exhausted all administrative remedies available to the alien." In *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005), this Court held that 8 U.S.C. § 1252(d)(1) bars "the consideration of bases for relief that were not raised below, and of general issues that were not raised below, but not of specific, subsidiary legal arguments, or arguments by extension, that were not made below."

■ This Court cannot review Mansariya's argument that changed conditions in his native country of India warrant a reopening of proceedings. This Court can decide a petition for review only on the administrative record on which the order of removal is based. 8 U.S.C. § 1252(b)(4)(A). While the regulations permit the filing of a motion to reopen proceedings with the BIA where the request is based on new, material evidence that was previously unavailable, 8 C.F.R. § 1003.2(c)(1), Mansariya has not filed a motion to reopen with the BIA. Because the regulations place the decision to grant or deny motions to reopen squarely within the discretion of the BIA, this Court does not have jurisdiction to direct the reopening of proceedings where Mansariya has not first sought this relief from the BIA.

■ Mansariya also argues that the BIA's affirmance of the IJ's adverse credibility determination was erroneous, and constitutes an additional basis for reopening. This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).

Where, as here, the "BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA." *Ming Xia Chen v. BIA*, 2006 U.S.App. LEXIS 687, at *6 (2d Cir.1006).

We believe that the BIA and IJ reasonably determined that the significant internal inconsistencies within Mansariya's testimony, as well as the numerous inconsistencies between Mansariya's testimony and his written asylum application, rendered him incredible. For instance, as the BIA noted, with regard to the alleged 1985 raid of the mosque, Mansariya first testified that as a result of the attack, he suffered from broken bones and had to spend two months in the hospital. He later testified that he could not remember exactly how long he had been hospitalized, but that it had been "maybe 10 to 15 days." When the IJ asked him how he had gotten to the police station, he first responded that he walked there; when the IJ asked him how he was able to walk on the fractured bones of his feet, he changed his account and stated that he had gone to the station via auto rickshaw. His written asylum application offered yet another account of the event, further undermining his credibility. His lack of corroborating documents provided additional support for the adverse credibility finding. *See Diallo v. INS*, 232 F.3d 279, 290 (2d Cir.2000). As such, we conclude that there was substantial evidence supporting this finding.

For the foregoing reasons, the petition for review is DENIED.